UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BENNETTO, | Case No. 16-cv-05464-SK |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| GREGORY AHERN, | |
| Defendant. | |

Following the dismissal with prejudice of Defendant Gregory Ahern in which this Court determined that Plaintiff's 42 U.S.C. § 1983 and negligence claims are barred by the statute of limitations (Dkt. 48), the only remaining claim is Plaintiff's medical negligence action, which does not specifically name a defendant. Rather, the only remaining defendants remaining are fictitiously named "Does." With the federal question jurisdiction lost, this Court's jurisdiction is in question. Specifically, it is not clear whether this Court retains jurisdiction of the matter based on diversity jurisdiction, the only remaining option in federal court for this sole remaining claim. For the reasons provided below, the Court hereby orders Plaintiff to show cause as to why the case should not be dismissed for lack of jurisdiction. Plaintiff shall submit a response in writing, informing the Court of whether he intends to proceed with this action in federal court, and if so, asserting with specificity the basis for jurisdiction by no later than December 14, 2017. Failure to respond may result in the dismissal of this action.

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.,* 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts *unless* demonstrated otherwise.

*Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 376-78 (1994). This means that the party asserting diversity jurisdiction bears the burden of pleading and proof to demonstrate the citizenship of the parties. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857-58 (9th Cir. 2001).

In addition, under Federal Rule of Civil Procedure 4, defendants are expected to be served within 90 days of filing the complaint. Fed.R.Civ.Pro. 4. If a defendant is not served within 90 days of filing the complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* at 4(m).

Here, Plaintiff has not alleged facts in any of the four versions of the complaint filed in this Court that establish diversity jurisdiction. Further, Plaintiff has not substituted the name of any of the Doe Defendants since the inception of this case. In the original complaint, Plaintiff named "Does 1 to 50" consisting of "Santa Rita Jail medical and custody staff" who "facilitated the medical neglect and denial of medication." (Dkt. 1, 4:15-17.) To date, Plaintiff has not yet identified "Does 1 to 50" – even after Plaintiff amended the complaint three times (Dkts. 18, 20, 40) and after the Court ordered Plaintiff to serve the parties on April 17, 2017 (Dkt. 19) and July 17, 2017 (Dkt. 23). In addition, the Federal Rules of Civil Procedure do not provide for "Doe defendants" as many state courts allow. Therefore, the Court is unconvinced that Plaintiff is able to name and serve an actual defendant, let alone establish jurisdiction. Therefore, the Court requires that Plaintiff address whether this action would be more appropriately dismissed and refiled in state court by December 14, 2017.

**IT IS SO ORDERED**.

Dated: November 30, 2017

SALLIE KIM
United States Magistrate Judge